```
 1
 2
 3
 4
 5
 6
 7
 8              IN THE UNITED STATES DISTRICT COURT
 9            FOR THE EASTERN DISTRICT OF CALIFORNIA
10  EDGAR LEE WARREN,
11          Plaintiff,              No. CIV S-08-2656 GGH P
12      vs.
13  NAPA STATE HOSPITAL, et al.,
14          Defendants.             ORDER
15  _____/
```

Plaintiff, detained in Napa State Hospital, is proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

/////

1

A claim is frivolous if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

A complaint, or portion thereof, fails to state a claim if it appears beyond doubt there is no set of supporting facts entitling plaintiff to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true its allegations, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe it in the light most favorable to plaintiff, and resolve all doubts in plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 ( 1969).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

Plaintiff alleges that while he was incarcerated at the Butte County Jail, he developed a staph infection. Plaintiff alleges that officials at the jail and Napa State Hospital refused to give him Neutrogena soap to treat the infection. Named as defendants are Susan Kessler (Patient's Rights Advocate at Napa State Hospital), Dane Cameron and Stephanie Femino of Chico, California, the California Office of Patient's Rights in Sacramento, California, and the State Department of Mental Health in Sacramento, California. Plaintiff alleges that he sent defendants written notice that he was not receiving his soap but they did not do anything.

The complaint does not identify the relief sought, i.e. injunctive, declaratory, money damages. For this reason, the complaint is dismissed with leave to amend. In the amended complaint, plaintiff must clarify this matter.

/////

It appears that defendants Cameron and Femino are private attorneys.  In order to state a claim under § 1983, a plaintiff must allege that:  (1) defendant was acting under color of state law at the time the complained of act was committed; and (2) defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.  42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48 (1988).  If defendants Cameron and Femino are private attorneys, they are not state actors.  Because the court cannot determine whether plaintiff has stated a colorable claim against defendants Femino and Cameron, the claims against them are dismissed.

The California Office of Patient's Rights appears to be a private organization.  Therefore, this defendant is also not a state actor.  The claims against this defendant are dismissed.

As for defendant Department of Mental Health, the Eleventh Amendment bars suits brought by private parties against a state or state agency unless the state or the agency consents to such suit.  See Quern v. Jordan, 440 U.S. 332, 99 S. Ct. 1139 (1979); Alabama v. Pugh, 438 U.S. 781, 98 S. Ct. 3057 (1978) ( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  Although the Eleventh Amendment is not jurisdictional, the court may raise the defect on its own.  Wisconsin Department of Corrections v. Schacht, 524 U.S. 381, 389, 118 S. Ct. 2047, 2052 (1998); Edelman v. Jordan, 415 U.S. 651, 677-78, 94 S. Ct. 1347, 1362-1363 (1974).  In the instant case, the State of California has not consented to suit.  Accordingly, plaintiff's claims against Department of Mental Health are legally frivolous.  Plaintiff should not name the Department of Mental Health as a defendant in  and must be dismissed.

As for defendant Kessler, plaintiff does not allege how or when he told her that he needed the soap.  In addition, plaintiff does not allege why he required Neutrogena soap, as opposed to regular soap, to treat his staph infection.  Without this information, the court cannot determine whether plaintiff has stated a colorable claim for relief against defendant Kessler.
/////

1        In addition, for logistical considerations, plaintiff may not complain in this action
2 about medical care received in both the Butte County Jail and Napa State Hospital.  If plaintiff is
3 really complaining about the medical care he has received for his staph infection at Napa State
4 Hospital, he should make this clear in the amended complaint.  The court will then order this
5 action transferred to the United States District Court for the Northern District of California.

6        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
7 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
8 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
9 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
10 there is some affirmative link or connection between a defendant's actions and the claimed
11 deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
12 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
13 allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board
14 of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

15        In addition, plaintiff is informed that the court cannot refer to a prior pleading in
16 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
17 amended complaint be complete in itself without reference to any prior pleading.  This is
18 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
19 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
20 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
21 original complaint, each claim and the involvement of each defendant must be sufficiently
22 alleged.

23        Plaintiff has filed two motions for the appointment of counsel.  Because plaintiff
24 has not filed a colorable complaint, these motions are denied without prejudice.

25        In accordance with the above, IT IS HEREBY ORDERED that:
26        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

3. Plaintiff's motions for the appointment of counsel (nos. 2, 8) are denied without prejudice.

DATED: December 3, 2008

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

war2656.b